UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF FLORIDA
West Palm Beach Division

IN RE

INTERNATIONAL OIL TRADING    CASE NO. 15-21596-EPK
COMPANY, LLC,

CHAPTER 7

    Debtor.
_____/

## INTERNATIONAL OIL TRADING COMPANY, LLC'S
## EMERGENCY MOTION TO EXTEND MEDIATION ORDER

*Emergency Hearing Requested*

*Pursuant to Local Rule 9075-1, Movant files this motion on an emergency basis because the parties are engaged in an ongoing, complex multi-party mediation, and an extension of the terms of this Court's Order referring the matter to mediation are essential to the ongoing negotiations. Movant respectfully submits that this matter should be heard no later than **Thursday September 15, 2016**, as provisions of the Court's Order otherwise expire on Monday, September 19, 2016. Movant certifies that they have made a bona fide effort to resolve the matter without hearing, and that IOTC, Al-Saleh, and ABN Amro Bank all support the relief requested.*

Debtor International Oil Trading Company, LLC ("IOTC" or "Movant") moves pursuant to 11 U.S.C. § 105 and Fed.R.Bankr.P. 9006 to extend the terms of this Court's *Agreed Order: (I) Continuing Hearings; (II) Tolling Certain Deadlines; and (III) Setting Global Mediation* ("Mediation Order," ECF#368) pending completion of mediation, scheduled to reconvene on September 27 or 29, 2016. The relief requested is supported by creditor Mohammad Al-Saleh ("Al-Saleh") and ABN Amro Bank ("ABN Amro"). In support, Movant states:

    1.    On August 25, 2016, this Court had scheduled an all-day evidentiary hearing on IOTC's Motion to convert this case to Chapter 11 (ECF#236), the oppositions to the Motion to Convert of Al-Saleh (ECF#333) and Nicole Testa Mehdipour, as Chapter 7 Trustee ("Trustee") (ECF#331), and Al-Saleh's alternative motion to appoint a Chapter 11 trustee (ECF#333). At

hearing, the parties announced an agreement to mediate their disputes in a global mediation, to abate the hearing on the various motions set for hearing, and to abate and toll various litigation and other matters, as set forth in the Mediation Order.

2. The Mediation Order directed for the mediation to occur on September 13, 2016. Consistent with the Mediation Order, the parties participated in a mediation with former Miami-Dade Circuit Court Judge Scott Silverman of JAMS on September 13, 2016. As the Court may well have anticipated, settlement negotiations have been arduous, time-consuming, and complicated. After nearly twelve hours of mediation, substantial progress has been made, but several issues still remain to be resolved.

3. As reflected in Judge Silverman's Mediator's Report (ECF#370), the mediation is ongoing, and the mediator requests additional time to complete it.

4. Judge Silverman has confirmed his availability to resume mediation on September 27 or September 29, 2016, and all of the parties have confirmed their availability to resume mediation on either of those dates.

5. In order to afford the opportunity to negotiate without the distraction and expense of ongoing litigation, the Mediation Order provides that all Court imposed deadlines, statutory deadlines, discovery deadlines, deadlines imposed by applicable rules of procedure or local rules, and/or any deadlines or time periods imposed by any of the parties in the bankruptcy case or certain other actions would be tolled from August 25, 2016 through September 19, 2016 (the "Tolling Period").

6. Unless extended, the Tolling Period will expire before the parties are able to resume the mediation on the available dates.

7. The ongoing negotiations are obviously sensitive, and reaching ultimate resolution will be a complicated task under any circumstances. The parties have made substantial progress, but require additional time to complete negotiations. The resumption of litigation in the bankruptcy case while these negotiations are ongoing will be tremendously counter-productive and may completely undermine the prospects of a settlement. On the other hand, a continuation of the Tolling Period for an additional approximately two weeks will not cause any prejudice to any party.

8. Accordingly, Movant respectfully requests that the Court enter an order extending the Tolling Period for fifteen (15) days through October 4, 2016 in order to accommodate the continuation of the mediation. This request for relief is supported and agreed to by IOTC, by Al-Saleh, and by ABN Amro. However, the Trustee opposes the extension which is agreed to by IOTC and the two creditors holding approximately $100 million of the claims against the bankruptcy estate.

9. Movant also requests that the hearings presently scheduled for September 28, 2016 at 2:30 p.m. pursuant to Paragraph 2 of the Mediation Order be rescheduled to the Court's next available date after expiration of the extended Tolling Period.

10. Movant further requests that all of the other terms of the Mediation Order remain in force and apply to the continued mediation.

11. Finally, Movant requests that the Mediation Order be modified to permit, upon the parties' agreement, any party who so wishes to participate in the continued mediation telephonically, in order to minimize the expense of the continued mediation to the parties.

**WHEREFORE**, Movant respectfully requests that the Court (1) authorize the continuation of the mediation on September 27 or 29, 2016; (2) extend the Tolling Period set

3

forth in the Mediation Order through October 4, 2016; (3) reschedule the hearings set for September 28, 2016 pursuant to Paragraph 2 of the Mediation Order to the Court's next available date after the extended Tolling Period; (4) direct that the terms of the Mediation Order, as modified pursuant to this Motion, apply to the continued mediation; and (5) authorize parties who so wish to participate in the continued mediation telephonically if agreed upon by the parties.

<div style="margin-left: 3em;">

KOZYAK TROPIN & THROCKMORTON, LLP
Counsel for International Oil Trading
Company, LLC
2525 Ponce de Leon Blvd., 9th Floor
Coral Gables, FL 33134
Tel:     (305) 372-1800
Fax:    (3050 372-3508

By:     */s/ David L. Rosendorf*
      Charles W. Throckmorton
      FL Bar No. 286192
      David L. Rosendorf
      FL Bar No. 996823

</div>

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a true and correct copy of foregoing was served via transmission of Notice of Electronic Filing generated by CM/ECF on all counsel of record or pro se parties who are authorized to receive electronically Notices of Electronic Filing in this bankruptcy case on September 14, 2016.

<div style="margin-left: 3em;">

By:     */s/ David L. Rosendorf*
      David L. Rosendorf

</div>

**15-21596-EPK Notice will be electronically mailed to (via CM/ECF):**

Eyal Berger, Esq. on behalf of Trustee Nicole Testa Mehdipour eyal.berger@akerman.com, jeanette.martinez@akerman.com

Robert G Fracasso Jr, Esq. on behalf of Creditor ABN AMRO Bank N.V. rfracasso@shutts.com, fsantelices@shutts.com

Gregory S Grossman, Esq. on behalf of Petitioning Creditor Mohammad Anwar Farid Al-Saleh ggrossman@astidavis.com, ngonzalez@astidavis.com

David B Marks on behalf of Trustee Nicole Testa Mehdipour brett.marks@akerman.com, charlene.cerda@akerman.com

Nicole Testa Mehdipour
Trustee@ntmlawfirm.com, TRUSTEE_CMECF_Service@ntmlawfirm.com;FL80@ecfcbis.com;ntm@trustesolutions.net;cm_ecf@mehdipourtrustee.com;bcasey@mehdipourtrustee.com;mdm@mehdipourtrustee.com;BCasey@ntmlawfirm.com

Nicole Testa Mehdipour on behalf of Trustee Nicole Testa Mehdipour
nicolem@ntmlawfirm.com, ksalamone@ntmlawfirm.com;cm_ecf_service@ntmlawfirm.com;atty_mehdipour@bluestylus.com; cmecfservice@gmail.com

Office of the US Trustee
USTPRegion21.MM.ECF@usdoj.gov

David L Rosendorf, Esq. on behalf of Debtor International Oil Trading Company, LLC
dlr@kttlaw.com, rcp@kttlaw.com, cwt@kttlaw.com, ycc@kttlaw.com
Andres H Sandoval, Esq. on behalf of Petitioning Creditor Mohammad Anwar Farid Al-Saleh
asandoval@astidavis.com, tcrockett@astidavis.com

**Notice will be sent Via Electronic Mail to:**
Gerald Greenberg, Esq. (ggreenberg@gsgpa.com)
Freddy Funes, Esq. (ffunes@gsgpa.com)
Robert L. Begleiter (rbegleiter@constantinecannon.com)
David C. Cimo, Esq. (dcimo@gjb-law.com)
Marilee A. Mark, Esq. (mmark@gjb-law.com)